**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL THOMAS NOMMENSEN, | No. 18-15913 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01442-BAM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted March 5, 2020[**]

Before:      GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Michael Thomas Nommensen appeals the district court's judgment

affirming the Commissioner of Social Security's denial of Nommensen's

application for disability insurance benefits under Title II of the Social Security

Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") proffered specific, clear, and convincing reasons for discounting Nommensen's pain and limitations testimony by pointing to evidence of Nommensen's daily activities and in the objective medical record that was not consistent with his allegations of disabling limitations. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (the fact that claimant "exercised and undertook several projects after he retired, including gardening and community activities," suggested that his claims about the severity of limitations were exaggerated); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (standard for rejecting claimant's testimony regarding the severity of symptoms; ALJ properly discounted claimant's pain testimony where discharge notes indicated "no restrictions on activity" and "only mild symptoms").

The record does not support Nommensen's contention that the ALJ improperly relied on general character evidence in evaluating Nommensen's pain and limitations testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (recognizing that Social Security Ruling ("SSR") 16-3p, which supersedes a prior SSR, "makes clear what our precedent already required:" that an ALJ should

2                                                                          18-15913

evaluate symptoms of medically determinable impairments and "not delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness").

**AFFIRMED**.